**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **JOSE CONTRERAS,** § | |
| Plaintiff, § | |
| v. § | |
| § | A-25-CV-1158-RP-ML |
| **LELAN LARROQUE and AUSTIN** § | |
| **POLICE DEPARTMENT,** § | |
| Defendants. § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES SENIOR DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.       REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its

1

discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed with prejudice under 28 U.S.C. § 1915(e). According to the indigent status, the Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). However, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless

litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff Jose Contreras purports to bring claims against Detective Lelan Larroque, in his official capacity, and the Austin Police Department ("APD") pursuant to 42 U.S.C. § 1983 for violations of Contreras's first, fourth, and fifth amendment rights. Dkt. 1 at 3-4. Contreras alleges that he visited the APD to report an assault on December 16, 2024. *Id.* at 4. He alleges he spoke with Det. Larroque, who did not record information about Contreras's assault or accept a cup of Xylazine Contreras tried to give him. *Id.* Contreras further alleges he made 50 reports of unreasonable searches and seizures to Det. Larroque and shared that the FBI and a third party watched Contreras "get [poisoned] with Xylazine." *Id.* Contreras alleges his "killer is still out there" and that he has suffered multiple organ injuries for which he was unable "to get help from 3 hospitals in one day." *Id.* at 5. Contreras seeks (1) to have his case investigated, (2) punitive damages in the amount of $12,000,000, (3) to know why Det. Larroque did not take his case, (4) the right to bear firearms, and (5) for the court to grant him monetary damages.

Contreras has failed to plead any facts that implicate his first, fourth, or fifth amendment rights. Furthermore, Contreras previously brought claims against Det. Larroque and the APD for violations of his eighth and fourteenth amendment rights based on similar underlying facts. *Contreras v. Austin Police Dep't (II)*, 1:25-cv-847, Dkt. 1. The District Judge adopted the report and recommendation finding that Contreras failed to state a claim against Det. Larroque and the APD. *Id.* at Dkt. 7. Accordingly, the undersigned cannot make out any cognizable claims against Det. Larroque or the APD and recommends that the District Judge dismiss Contreras's claims as frivolous for lacking an arguable basis in law or in fact.

### III.      FRIVOLOUS LITIGANT SANCTIONS

Contreras has filed several suits before this court. *See Contreras v. Austin Police Dep't (II)*, 1:25-cv-847; *Contreras v. Foye*, 1:25-cv-254-RP; *Contreras v. U.S. Dist. Ct.*, 1:25-cv-107-AM; *Contreras v. Austin Police Dep't (I)*, 1:25-cv-83-RP; *Contreras v. Weaver*, 1:24-cv-847-RP. On April 15, 2025, United States District Judge Pitman warned Contreras that "he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims and otherwise abuse his access to the judicial court system." *Foye*, 1:25-cv-254-RP, Dkt. 6 at 2. On August 6, 2025, Judge Pitman issued an order barring Contreras from filing complaints, removing cases, or otherwise initiating litigation in the Western District of Texas without obtaining prior approval from a federal district or magistrate judge in the District. *Austin Police Dep't*, 1:25-cv-847-RP, Dkt. 7 at 2. Contreras filed the instant Complaint on July 24, 2025. While the instant Complaint pre-dates Judge Pitman's pre-filing bar, the undersigned notes its existence for Contreras's benefit.

### IV.      ORDER AND RECOMMENDATIONS

The undersigned hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and **RECOMMENDS** the District Judge **DISMISS WITH PREJUDICE** Plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### V.      WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED September 4, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE